ORIGINAL

# United States Court of Federal Claims

No. 18-713 C
Filed: June 11, 2018

**FILED**

**JUN 1 1 2018**

**U.S. COURT OF
FEDERAL CLAIMS**

|  |  |
|---|---|
| JAMES K. ARINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

***SMITH*, Senior Judge**

On May 18, 2018, plaintiff, proceeding *pro se*, filed his Complaint with this Court, seeking various forms of relief. Plaintiff's Complaint asserts, *inter alia*, that certain state and government officials have unlawfully conspired against him by denying his state Worker's Compensation claim in violation of numerous state tort laws, contract laws, and constitutional rights. Plaintiff seeks monetary, declaratory, equitable, and injunctive relief.

Upon *sua sponte* review, this Court finds that plaintiff's allegations do not give rise to any cause of action over which this Court has subject-matter jurisdiction. Furthermore, plaintiff has failed to state a claim upon which relief may be granted. Thus, this Court has no authority to decide plaintiff's case, and therefore must dismiss plaintiff's Complaint pursuant to Rules 12(h)(3) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC").

### I.    Background

On August 29, 2016, plaintiff filed his original Complaint in the U.S. District Court for the Northern District of Indiana, alleging that the government participated in bad faith, fraudulent, and criminal activity in violation of plaintiff's constitutional rights. *Arington v. Workers Comp. Bd. of Ind.*, No. 16-315, slip op. at 3-5 (N.D. Ind. June 1, 2017). Subsequently, plaintiff's Complaint was dismissed for failure to state a claim upon which relief can be granted. *Id.* On July 3, 2017, plaintiff filed a similar Complaint in this Court, which was dismissed on July 5, 2017, for failure to pay a filing fee or complete a valid *in forma pauperis* application. *Arington v. United States*, No. 17-902. On May 18, 2018, plaintiff filed an additional Complaint in this Court, asserting that the government, as a whole, is liable for several allegedly unlawful

7017 1450 0000 1346 2113

acts committed against him by federal and state officials. *See* Complaint (hereinafter "Compl.") at 2 (specifying that plaintiff's Complaint is a *Bivens* action, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (emphasis added)). In addition to his Complaint, plaintiff also submitted a valid application to proceed *in forma pauperis*. ECF No. 4.

In the case at bar, plaintiff alleges that federal judges in the U.S. District Court for the Northern District of Indiana and U.S. Court of Appeals for the Seventh Circuit violated plaintiff's constitutional rights by concealing criminal acts committed by state officials and private actors, and subsequently denying plaintiff of attainable medical recovery. Compl. at 1, 5. Plaintiff asserts that the government's denial of such medical recovery has prevented him from establishing his need of surgery for an ongoing injury, which could have been established at the time plaintiff's first Complaint was filed. *Id.* at 1. Plaintiff explains that he needs surgery to stop the deterioration of a work-related injury and to retain what medical recovery he has left as quickly as possible, and that lost medical recovery has no administrative remedy available other than legal claims against the federal government. *Id.* Specifically, plaintiff contends that his First and Eighth Amendment rights have been violated by the government's deliberate indifference, denial, and delay in providing him medical care. *Id.* at 32-33. Additionally, plaintiff asserts that his constitutional rights have been violated by the government's conspiracy to deprive him of Due Process and Equal Protection under the law. *Id.* at 33. Further, plaintiff asserts state tort and contract claims of negligence, gross negligence, breach of fiduciary duty, and bad faith against the government. *Id.* at 34.

As to each count, for Counts I-VIII, plaintiff seeks $5,000,000.00 in compensatory damages and $5,000,000.00 in punitive damages, plus attorneys' fees and costs, with interest as a result of the government's alleged conduct. *Id.* at 34. As to each count, for Counts IX-X, plaintiff seeks $7,500,000.00 in compensatory damages, $7,500,000.000 in punitive damages, plus attorneys' fees and costs, with interest. *Id.* In total, plaintiff seeks $110,000,000.00, plus attorneys' fees, costs, and interest, in monetary relief, plus declaratory, equitable, injunctive, and any other relief as this Court deems just. *Id.* at 2, 34.

## II.   Standard of Review

This Court's jurisdictional grant is found primarily in the Tucker Act, which provides the Court of Federal Claims with the power "to render any judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases *not sounding in tort*." 28 U.S.C. § 1491(a)(1) (2012) (emphasis added). Although the Tucker Act explicitly waives the sovereign immunity of the United States against such claims, it "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, to fall within the scope of the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates [a] right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc).

Additionally, a complaint shall be dismissed at any time for "failure to state a claim upon which relief can be granted." RCFC 12(b)(6). It is well-settled that a complaint should be

dismissed for failure to state a claim upon which relief can be granted "when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002) (citing *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000)). Further, it is the Court's "independent obligation to determine whether subject-matter jurisdiction exists . . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "If the Court determines at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the [case]." RCFC 12(h)(3). In determining whether subject-matter jurisdiction exists, the Court must accept as true all undisputed facts asserted in plaintiff's complaint and draw all reasonable inferences in plaintiff's favor. *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)).

Notably, pleadings from *pro se* plaintiffs are held to more lenient standards than pleadings drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, "[d]espite this permissive standard, a *pro se* plaintiff must still satisfy the [C]ourt's jurisdictional requirements" for the Court to entertain plaintiff's claims. *See Trevino v. United* States, 113 Fed. Cl. 204, 208 (2013) (referencing *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004) ("This latitude . . . does not relieve a *pro se* plaintiff from meeting jurisdictional requirements.") (emphasis added)). *Pro se* or not, each plaintiff carries the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## III.   Discussion

The crux of plaintiff's Complaint hinges on his assertion that he was intentionally damaged by federal officials in their individual capacities. Compl. at 2. In his Complaint, plaintiff declares, "[t]his case is a *Bivens* action . . . [and] a plaintiff may bring a civil rights suit against federal officials in their individual capacit[ies] for damages caused by constitutional torts under color of their authority." *Id.* (emphasis added). Under *Bivens*, the Supreme Court held that private citizens may bring claims against government officials in their individual capacities for violations of constitutional rights. *Bivens*, 403 U.S. at 388. To have a federal cause of action, a plaintiff bringing a *Bivens* action must demonstrate that a constitutionally protected right to which he is entitled has been violated by a federal official. *Id.*

In support of his *Bivens* action, plaintiff seeks "monetary, declaratory, equitable, and injunctive relief [for the government's] assistance in criminal acts, adding [sic] and abetting, [and] misprision of a felony of allowing unlicensed[,] unqualified people to dictate direct medical treatment of [him] within the [S]tate of Indiana and across state lines." Compl. at 2. Further, plaintiff contends that the government, through federal judges, knowingly allowed him to be placed in immediate danger and subsequently injured by denying his claims in prior Worker's Compensation Board of Indiana ("WCB") hearings, and thus violated his First, Fifth, Eighth, Ninth, and Fourteenth Amendment rights. *Id.* at 3. Plaintiff proffers that such judges have unlawfully assisted Indiana state officials and private actors, namely medical professionals, in committing a Class C felony under the Indiana Code. *Id.* at 5 (referencing Ind. Code §§ 25-22.5-8-1 to -2 (2018)).

Under Indiana law, "[i]t is unlawful for any person to practice medicine . . . in [Indiana] without holding a license or permit to do so . . . ." Ind. Code § 25-22.5-8-1. Additionally, "[a] person who knowingly or intentionally violates [the Indiana Code] by unlawfully practicing medicine . . . commits a Class C felony . . . ." *Id.* § 25-22.5-8-2. Based on the relevant sections in the Indiana Code, plaintiff contends that WCB members were prejudiced against plaintiff, and wanted to conceal violations of state law committed by state officials and private actors. Compl. at 3. Further, plaintiff alleges that federal judges and state officials violated state law and plaintiff's constitutional rights by knowingly concealing state officials' and private actors' unlawful practice of medicine. *Id.* Plaintiff adds that, by assisting in such felonious and fraudulent activity, the government has denied plaintiff attainable medical recovery that he would have received two years ago, had the government not denied his WCB claims. *Id.* at 4.

It appears from the Complaint, that plaintiff seeks multiple avenues of relief for tortious and criminal acts allegedly committed by various federal and state officials. *Id.* at 2. Pursuant to the Tucker Act, this Court's jurisdiction does not extend to cases sounding in tort. 28 U.S.C. § 1491(a)(1). The Tucker Act grants this Court jurisdiction over suits against the federal government, not against individual federal officials. *Id.* Thus, the *Bivens* action asserted by plaintiff, which sounds in tort against various individual federal officials, lies outside the jurisdiction of this Court. Similarly, the Court is limited to hearing cases in which the Constitution or a federal statute requires the payment of money damages as compensation for violations. *Id.*; *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (citing *United States v. Mitchell*, 463 U.S. 206, 218 (1983)). As the remainder of plaintiff's claims involve declaratory, equitable, and injunctive relief, as opposed to monetary relief, this Court does not possess jurisdiction to entertain such claims. *See Brown*, 105 F.3d at 624 ("The remainder of [plaintiff's] demands, which are for declaratory or injunctive relief, are also outside the jurisdiction of the Court of Federal Claims. The Tucker Act does not provide independent jurisdiction over such claims for equitable relief.") (citing *United States v. King*, 395 U.S. 1, 2-3 (1969)). Accordingly, this Court lacks subject-matter jurisdiction to entertain plaintiff's claims, and plaintiff has not stated a claim upon which relief can be granted.

## IV.    Conclusion

Construing the facts in the light most favorable to the plaintiff, the Court finds that it lacks subject-matter jurisdiction over plaintiff's claims for monetary and non-monetary relief for tortious acts allegedly committed by individual federal and state officials. Plaintiff has failed to prove by a preponderance of the evidence that this Court has jurisdiction over his claims, and he has failed to state a claim upon which relief can be granted. Although the Court routinely affords *pro se* plaintiffs more lenience when filing complaints in this Court, such leniency does not extend to entertaining a complaint that explicitly lies outside of this Court's jurisdiction.

For good cause shown, plaintiff's application to proceed *in forma pauperis* is **GRANTED**. For the reasons set forth above, plaintiff's Complaint is, *sua sponte*, **DISMISSED** pursuant to RCFC 12(h)(3) for lack of subject-matter jurisdiction, and RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. The Clerk of Court is hereby directed to enter judgment consistent with this Opinion.

   **IT IS SO ORDERED.**

                                           Loren A. Smith, Senior Judge